THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. PAUL E. HILTON, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued November 29, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Queens County Court, rendered May 10, 1926, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Henry C. Frey, William F. Ryan* and *Thomas D. Austin* for appellant.

*Richard S. Newcombe,* District Attorney (*Thomas F. Thornton* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: HISCOCK, Ch. J.

———

MAINE LUMBER COMPANY, LTD., Respondent, v. MARY-
LAND CASUALTY COMPANY, Appellant, Impleaded with
Others.

*Contract — sale — principal and surety — damages — action to recover upon bond for breach of contract to deliver goods.*

*Maine Lumber Co., Ltd.,* v. *Maryland Casualty Co.,* 216 App. Div. 35, affirmed.

(Argued November 29, 1926; decided December 31, 1926.)

APPEAL from a judgment, entered March 31, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and directing judgment in favor of plaintiff. The action was to recover upon a bond given by defendant, appellant, to secure the performance by its principals, interpleaded defendants, of a contract with the plaintiff for the sale of lumber. Such defendants failed to perform in full. The questions

were as to the nature of the liability of the defendant, appellant, upon its bond, and as to what damages the plaintiff should recover thereunder. The trial court held that the bond upon which the plaintiff sued was one of indemnity, and that the plaintiff, in order to recover of the surety company, was required to first show that it had paid a loss. The Appellate Division held that the bond was one of surety, and that plaintiff was entitled to recover any loss it sustained by reason of the breach of contract.

*Daniel Combs* and *Edward J. Dowling* for appellant.
*Robert B. Honeyman* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: HISCOCK, Ch. J.

---

ROOSEVELT MEMORIAL ASSOCIATION OF OYSTER BAY, INC., Respondent, *v.* CHARLES H. JONES et al., Individually and as Executors of and Trustees under the Will of MARY E. JONES, Deceased, et al., Appellants, Impleaded with Others.

*Constitutional law — eminent domain — condemnation proceedings — constitutionality of statute providing for taking of private property for park and memorial.*

*Roosevelt Memorial Association* v. *Jones*, 216 App. Div. 760, affirmed. (Argued November 29, 1926; decided December 31, 1926.)

\* APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 12, 1926, unanimously affirming an order of Special Term confirming the report of commissioners of appraisal in condemnation proceedings to acquire lands for the purpose of constructing and maintaining a public park and memorial as provided in chapter 429 of the Laws of 1919. The appellants contended that the statute was unconstitutional in that it provided for the taking of private property for a purpose other than a public use.